# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00730-OWW-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EIGHTH AMENDMENT CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

**II.    Plaintiff's Claims**

    **A.    Allegations**

Plaintiff is incarcerated at Pleasant Valley State Prison, where the events at issue in this action occurred. Plaintiff alleges that he has a seizure disorder, and repeatedly argued with Defendants Cano, Clark, Rodriguez, and Roberts over his housing assignment and unsuccessfully sought from them a bed move to a lower bunk on a lower tier based on medical need. On September 2, 2006, Plaintiff had a seizure and fell from his top bunk. Plaintiff sustained two broken ribs, a fractured nose, and a chipped neck bone, and was transported to Stanford University Medical Center for treatment. After Plaintiff's release, follow-up treatment with a specialist and for pain management was neglected.

    **B.    Eighth Amendment Claims**

        **1.    Defendants Yates and Igbinosa**

Plaintiff names Warden James A. Yates and Dr. Igbinosa as defendants based on a theory of *respondeat superior*. (Doc. 1, Comp., court record p. 11.) Under section 1983, Plaintiff is required

to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Each defendant is only liable for his own misconduct, and there is no *respondeat superior* liability under section 1983. Iqbal, 129 S.Ct. at 1948-49. Accordingly, Plaintiff fails to state a claim upon which relief may be granted against Defendants Yates and Igbinosa.

### 2. Defendants Cano, Clark, Rodriguez, and Roberts

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations that Defendants Cano, Clark, Rodriguez, and Roberts were responsible for custodial housing conditions, and knew of his medical need for a lower bunk but failed to accommodate him are sufficient to state a claim for violation of the Eighth Amendment. However, Plaintiff's allegations that Defendants threatened and intimidated him for seeking medical and Americans With Disabilities Act accommodations do not state a claim. Kiman v. New Hampshire Dept. Of Corr., 451 F.3d 274, 284-85 (1st Cir. 2006) (negligent medical care not a basis for ADA claim); Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for ADA claim); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse alone not sufficient to state a claim under section 1983); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats do not rise to the level of a constitutional violation). Further, Plaintiff's vague allegation that he was not provided

with follow-up care is not sufficient to state a claim. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

### C.  Claims for Equitable Relief

In addition to money damages, Plaintiff is seeking a declaration that his rights were violated, and an injunction mandating that Plaintiff be provided with immediate and timely law library access and adequate future medical care.

"'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." U.S. v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted). The governmental conduct at issue in this action occurred in 2006, and Plaintiff's remedy is damages should he prevail on his claim that his constitutional rights were violated.

In addition to declaratory relief, Plaintiff seeks an injunction. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

///

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff states a cognizable Eighth Amendment claim based on Defendants' failure to provide him with a lower bunk due to his medical condition. The past actions of Defendants related this failure form the case or controversy in this action. The Court has no jurisdiction to issue an order aimed at improving Plaintiff's ability to litigate this action or at remedying future medical care needs.

### III. Conclusion and Order

Plaintiff's complaint states an Eighth Amendment claim for money damages against Defendants Cano, Clark, Rodriguez, and Roberts, but fails to state any other claims for relief. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Cano, Clark, Rodriguez, and Roberts on his Eighth Amendment claim, Plaintiff may so notify the Court in writing, and his other claims will be dismissed. Plaintiff will then be provided with four summons and four USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Cano, Clark, Rodriguez, and Roberts.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true,

5

the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Cano, Clark, Rodriguez, and Roberts for violation of the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   October 14, 2009**             /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE