1
2
3
4
5
6       # UNITED STATES DISTRICT COURT

7       ## EASTERN DISTRICT OF CALIFORNIA

8

| JIMMY MCDONALD, | CASE NO. 1:09-cv-00730-OWW-SKO PC |
|---|---|
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PROVIDE FURTHER IDENTIFYING INFORMATION FOR DEFENDANTS CLARK AND RODRIGUEZ OR SHOW CAUSE WHY THEY SHOULD NOT BE DISMISSED |
| v. | |
| J. A. YATES, et al., | |
| Defendants. | (Docs. 23 and 24) |
| | THIRTY-DAY DEADLINE |

_____/

15

16          Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed

17  this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009.  The action is proceeding

18  against Defendants Cano, Clark, Rodriguez, and Roberts arising out of their failure to accommodate

19  Plaintiff's medical need for a lower bunk, in violation of the Eighth Amendment.  Defendants Cano

20  and Roberts filed an answer to Plaintiff's complaint on July 6, 2011, but the United States Marshal

21  was able to locate and serve Defendants Clark and Rodriguez and service was returned un-

22  executed on June 2, 2011.

23          Rule 4(m) provides that

24          [i]f a defendant is not served within 120 days after the complaint is filed, the court -
            on motion or on its own after notice to the plaintiff - must dismiss the action without
25          prejudice against that defendant or order that service be made within a specified time.
            But if the plaintiff shows good cause for the failure, the court must extend the time
26          for service for an appropriate period.

27  Fed. R. Civ. P. 4(m).

28

1

1   In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the

2   Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3   "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.

4   Marshal for service of the summons and complaint and . . . should not be penalized by having his

5   action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to

6   perform his duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v.

7   Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515

8   U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the

9   defendant, the marshal's failure to effect service is 'automatically good cause. . . .'"  Walker, 14 F.3d

10  at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro

11  se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of

12  the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is

13  appropriate.  Walker, 14 F.3d at 1421-22.

14      In this instance, there are three correctional officers with the last name of Clark and seven

15  correctional officers with the last name of Rodriguez at Pleasant Valley State Prison.[1]  (Doc. 24, p.

16  2.)  Therefore, further identifying information is necessary, preferably in the form of a first initial

17  or an exhibit bearing the defendants' names, if possible.  If Plaintiff is unable to provide any further

18  information, he must show cause why Defendants Clark and Rodriguez should not be dismissed from

19  action at this time.

20      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

21  1.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall either

22          (1) provide further identifying information for Defendants Clark and Rodriguez or

23          (2) show cause why they should not be dismissed from the action at this time; and

24  ///

25  ///

26

27  _____

28  [1] The Clerk's Office erroneously identified Rodriguez as Rodrigues in the service documents, but the Litigation Office addressed that error by informing the Marshal that they do no have any employees named Rodrigues and seven employees named Rodriguez.

2

1        2.       The failure to comply with this order will result in the dismissal of Defendants Clark

2            and Rodriguez from this action.

3

4    IT IS SO ORDERED.

5    **Dated:**   **July 7, 2011**                       **/s/ Sheila K. Oberto**

6                                             UNITED STATES MAGISTRATE JUDGE