# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00730-OWW-SKO PC<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR TRANSFER TO MEDICAL FACILITY BE DENIED FOR LACK OF JURISDICTION<br><br>(Doc. 25)<br><br>THIRTY-DAY OBJECTION PERIOD |

　　Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 3, 2011, Plaintiff filed a motion seeking an order transferring him to a medical facility in light of his current medical condition and prison officials' alleged failure to provide adequate or proper treatment.

　　The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff's claim in this action arises from a past incident in which Defendants Cano, Clark, Rodriguez, and Roberts failed to accommodate his medical need for a lower bunk and he was badly injured in a fall from an upper bunk. The pendency of this action does not confer on the Court jurisdiction to issue an order directing that Plaintiff be transferred to a medical institution, because such an order would not

remedy the underlying legal claim, which involves Defendants' past conduct.  18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. 1142 at 1149; Steel Co., 523 U.S. at 103-04; Lyons, 461 U.S. at 101; Mayfield, 599 F.3d at 969.

If Plaintiff would like the Court to send a copy of his motion to the Receiver's Office and request that it look into the allegation that Plaintiff's medical needs are not being met, the Court will do so, but Plaintiff must notify the Court of his desire for this action.[1]

To the extent that Plaintiff seeks to amend or supplement his complaint, as mentioned in his motion, he is required to file a motion setting forth the grounds for the relief sought and include a proposed amended complaint or supplemental complaint.  Fed. R. Civ. P. 7(b)(1), 15(a), (d).  The Court will not grant Plaintiff leave to amend or to supplement in the absence of a showing that there are legal grounds supporting the requested relief.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for an order directing that he be transferred to a medical facility be DENIED for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 8, 2011**                                        **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court finds that Plaintiff's description of his current medical condition is sufficiently serious to warrant this action.  However, Plaintiff must recognize that court action is limited to requesting that the Receiver's Office look into Plaintiff's allegations.  The Court may not order any action or relief by the Receiver's Office.