1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

JIMMY MCDONALD,                                CASE NO. 1:09-cv-00730-LJO-SKO PC

9                    Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING PLAINTIFF'S MOTION
10       v.                                     FOR A PRELIMINARY INJUNCTION BE
                                                DENIED FOR LACK OF JURISDICTION
11   J. A. YATES, et al.,
                                                (Doc. 46)
12                   Defendants.
                                                THIRTY-DAY OBJECTION PERIOD
13

14   _____/

15       Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this

16   civil rights action pursuant to 42 U.S.C. § 1983.  On January 24, 2012, Plaintiff filed another motion

17   seeking a preliminary injunction requiring prison officials to provide him with medical care for his

18   fractured neck and pain medication.

19       As Plaintiff was previously informed by the Court, a federal court's jurisdiction is limited

20   in nature and its power to issue equitable orders may not go beyond what is necessary to correct the

21   underlying constitutional violations which form the actual case or controversy.  18 U.S.C. §

22   3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009);

23   Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los

24   Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599

25   F.3d 964, 969 (9th Cir. 2010).  Plaintiff's Eighth Amendment claim in this action arises from a past

26   incident in which Defendants Cano, Clark, Rodriguez, and Roberts allegedly failed to accommodate

27   his medical need for a lower bunk and he was badly injured in a fall from an upper bunk.  Plaintiff's

28   current medical issues are not being litigated in this case and therefore, the Court lacks jurisdiction

1

to issue any orders directing at providing Plaintiff with medical care for his current health care problems. 18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 129 S.Ct. 1142 at 1149; <u>Steel Co.</u>, 523 U.S. at 103-04; <u>Lyons</u>, 461 U.S. at 101; <u>Mayfield</u>, 599 F.3d at 969.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for a preliminary injunction be DENIED for lack of jurisdiction.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 26, 2012**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] As a courtesy and in light of Plaintiff's serious allegations, the Court previously requested that the Receiver's Office review Plaintiff's concerns.  (Docs. 30, 34.)  The Receiver's Office initiated an inquiry and Plaintiff's continued concerns are best directed to the Receiver's Office or appropriate staff at the prison.  (Doc. 37.)