# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>J. A. YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00730-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED FOR LACK OF JURISDICTION<br><br>(Doc. 46)<br><br>THIRTY-DAY OBJECTION PERIOD |

Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 24, 2012, Plaintiff filed another motion seeking a preliminary injunction requiring prison officials to provide him with medical care for his fractured neck and pain medication.

As Plaintiff was previously informed by the Court, a federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff's Eighth Amendment claim in this action arises from a past incident in which Defendants Cano, Clark, Rodriguez, and Roberts allegedly failed to accommodate his medical need for a lower bunk and he was badly injured in a fall from an upper bunk. Plaintiff's current medical issues are not being litigated in this case and therefore, the Court lacks jurisdiction

1  to issue any orders directing at providing Plaintiff with medical care for his current health care
2  problems. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. 1142 at 1149; Steel Co., 523 U.S. at 103-
3  04; Lyons, 461 U.S. at 101; Mayfield, 599 F.3d at 969.
4       Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for a preliminary
5  injunction be DENIED for lack of jurisdiction.[1]
6       These Findings and Recommendations will be submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
8  **days** after being served with these Findings and Recommendations, the parties may file written
9  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  The parties are advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
12 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

16 **Dated:   January 26, 2012**              /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] As a courtesy and in light of Plaintiff's serious allegations, the Court previously requested that the Receiver's Office review Plaintiff's concerns.  (Docs. 30, 34.)  The Receiver's Office initiated an inquiry and Plaintiff's continued concerns are best directed to the Receiver's Office or appropriate staff at the prison.  (Doc. 37.)