# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | CASE NO. 1:09-cv-00730-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR INVESTIGATOR |
| v. | |
| J. A. YATES, et al., | (Doc. 54) |
| Defendants. | |

Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 2, 2012, Plaintiff filed a motion seeking the appointment of counsel or an investigator.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

///

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

The Court also cannot appoint an investigator. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, and no such authorization exists. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quotation marks and citation omitted).

For the foregoing reasons, Plaintiff's motion for the appointment of counsel or an investigator is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   May 21, 2012**         /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE