# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00730-LJO-SKO PC<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION, RULE 35 EXAMINATION, AND TO COMPEL, AND GRANTING PLAINTIFF LEAVE TO FILE AMENDED MOTION TO COMPEL WITHIN THIRTY DAYS<br><br>(Docs. 63, 64, and 65) |

**Order Denying Discovery Motions**

Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for reconsideration, for a Rule 35 examination, and to compel and for sanctions, filed on June 4, 2012. Defendants filed an opposition on June 19, 2012, and Plaintiff filed a reply on July 2, 2012.

**I.     Motion for Reconsideration**

On June 4, 2012, Plaintiff filed a motion entitled "Motion in Response to the Honorable Magistrates Denial for Plaintiffs Request for a Time Continuance for Further Discover and a New Scheduling Order," which the Court construes as a motion for reconsideration of its order denying Plaintiff's motion to modify the scheduling order.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The

moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, Plaintiff states that he was late in sending his interrogatories regarding Defendant Rodriguez because he "barely found out about certain events concerning" Rodriguez. Plaintiff also states that he did not find out inmate Cervantes had knowledge of the incident until the day after the discovery deadline. Plaintiff requests that he be allowed leave to propound limited discovery in the form of (1) interrogatories to and/or deposition by written questions of Defendant Rodriguez and (2) a request for the production of documents.

As Plaintiff was previously informed, modification of the pretrial scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), and "[t]he schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension," Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

In an order dated February 7, 2012, Plaintiff was invited to file a status report informing the Court whether he needed an extension of any deadlines and if so, to what date. Plaintiff did not comply with the order and as a result, the discovery deadline was extended to April 23, 2012, the date proposed by Defendants. Thereafter, Plaintiff filed an untimely motion to modify

///

the scheduling order. In denying the motion, the Court found that Plaintiff failed to comply with the order to file a status report and Plaintiff failed to show good cause to modify the scheduling order.

Plaintiff's motion for reconsideration is unpersuasive. Plaintiff is not precluded from using inmate Cervantes' declaration to oppose Defendants' motion for summary judgment or from requesting that Cervantes be permitted to testify on his behalf at trial, but there are no grounds presented which support setting aside the Court's order denying Plaintiff's motion to modify the scheduling order. Plaintiff has not shown due diligence and the inquiry ends. Id. Plaintiff's motion for reconsideration is denied.

## II.   Motion for Rule 35 Examination

Citing to Rule 35 of the Federal Rules of Civil Procedure, Plaintiff seeks an order mandating that he be examined by an outside doctor and that medical testing be conducted.

Rule 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Discovery in this matter is closed, and in any event, Rule 35 does not contemplate authorizing Plaintiff to seek his own physical examination at government expense. See Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .") (citation and internal quotation marks omitted). Therefore, Plaintiff's motion is denied and discovery remains closed, with the limited exception discussed in the following section.

## III.  Motion to Compel

Finally, Plaintiff seeks an order compelling Defendants to produce documents and for sanctions.

Although the discovery deadline was April 23, 2012, it appears that the request for the production of documents at issue was served on January 18, 2012, and Defendants did not serve their response until April 19, 2012. (Docs. 64, 68.) Based on the date of service, it would have been impossible for Plaintiff to file a motion to compel by April 23, 2012, and for that reason, the Court will consider the motion, limited to document production request 8, which is identified by Plaintiff as the response at issue.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

In this instance, Plaintiff seeks to compel a response to document production request 8, in which he sought x-rays, MRIs, or other documents showing the extent of his injuries. In response, Defendants stated they have no documents in their possession, custody, or control beyond those provided in attachment B. In his motion, Plaintiff fails to address the substance of Defendants' response.

It is Plaintiff's burden to set forth why the response lacks merit and because he failed to do so, his motion to compel and for sanctions is denied. The Court will permit Plaintiff thirty (30) days within which to file an amended motion to compel, limited to document production request 8.

**IV.    Order**

For the reasons set forth above, it is HEREBY ORDERED that:

1.    Plaintiff's motion for reconsideration is DENIED;

2.    Plaintiff's motion for a Rule 35 examination is DENIED; and

///

3. Plaintiff's motion to compel and for sanctions is DENIED, without prejudice to filing an amended motion to compel within **thirty (30) days** from the date of service of this order, limited to document production request 8.

IT IS SO ORDERED.

**Dated:     July 11, 2012**                                     /s/ Sheila K. Oberto
                                                                                   UNITED STATES MAGISTRATE JUDGE