# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | CASE NO. 1:09-cv-00730-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| J. A. YATES, et al., | |
| Defendants. | (Docs. 62, 66, and 67) |
| | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations on Plaintiff's Motions**

## I. Introduction

Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 23, 2012, Plaintiff filed a "Motion for Clarification and Stipulating What is Needed," on June 18, 2012, Plaintiff filed a motion seeking a temporary restraining order, and on June 19, 2012, Plaintiff filed a "Motion for Clarification of Facts Pertaining to a 'Campaign of Harassment.'" Given the catch-all nature of the relief sought and the subject matter at issue in the motions, the Court elects to construe the motions as seeking preliminary injunctive relief and based on the following, it recommends that they be denied.

## II. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

**III.     Discussion**

In his motions, Plaintiff discusses his current medical condition, the state's legal duty to provide for his care, and a conspiracy to have him hit or killed in retaliation for filing this lawsuit. Plaintiff seeks an order permitting him to amend to name Chief Medical Officer F. Igbinosa as a defendant; requiring one of the prison physicians to provide him with copies of x-rays; requiring that he be given medical treatment, including restoration of his previous seizure medication dosage; assisting him in obtaining information from internal affairs, including information on the debriefing of inmate Smith; and requiring that he be housed in administrative segregation.

This action for damages is proceeding on Plaintiff's claim that Defendants Cano, Clark, Rodriguez, and Roberts failed to accommodate his medical need for a lower bunk in 2006, in

1 violation of his rights under the Eighth Amendment of the United States Constitution. The Court's
2 jurisdiction is limited to that legal claim. It is the *past* conduct of Defendants which is at issue in
3 this action, and the Court has no jurisdiction to issue any orders directed at remedying Plaintiff's
4 current conditions of confinement, including but not limited to his current medical condition, his
5 current housing assignment, and any alleged threats to his safety.

6       As a courtesy, the Court previously notified the Receiver's Office of Plaintiff's concerns and
7 requested that it look into his allegations. Plaintiff now takes issue with the response he received,
8 describing it as falling on deaf ears.

9       The Court is not without sympathy for Plaintiff's concerns. However, Plaintiff appears
10 unwilling to heed the Court's admonition regarding its limited jurisdiction. The continued attempt
11 to use this pending action as a basis for seeking relief regarding Plaintiff's current conditions of
12 confinement is an abuse of the Court's overtaxed resources. Plaintiff lacks standing in this action
13 to obtain the relief sought and this deficiency is fatal to Plaintiff's requests, regardless of how many
14 times those requests are made. Summers, 555 U.S. at 493, 129 S.Ct. at 1149; Lujan v. Defenders
15 of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); Mayfield, 599 F.3d at 969.

16       To the extent that Plaintiff's rights are currently being violated, be it with respect to medical
17 care or to safety concerns, he is not without redress, but redress is not available in *this* action.[1] This
18 action is limited to damages, if Plaintiff prevails on his claim that Defendants violated his rights in
19 2006.

20       Regarding Plaintiff's motion to amend, the deadline to amend the pleadings was January 7,
21 2012, and Plaintiff's request is both is untimely and unsupported. Fed. R. Civ. P. 15(a), 16(b)(4).
22 Finally, Plaintiff's request for x-rays is subject to his motion to compel, which is addressed in a
23 separate order.
24 ///
25 ///

---

[1] For example, Plaintiff might file a petition for writ of habeas corpus in state court. E.g., In re Estevez, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008). Plaintiff might also utilize the prison's internal grievance procedure, contact the appropriate prison staff member, such as a counselor, or initiate a separate lawsuit.

IV. **Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motions for preliminary injunctive relief be DENIED, with prejudice, for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 11, 2012**                             /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE