# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>J. A. YATES, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-00730-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S AMENDED MOTION TO COMPEL<br><br>(Doc. 88) |

### Order Denying Motion to Compel

Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Cano, Clark, Rodriguez, and Roberts arising out of their alleged failure to accommodate Plaintiff's medical need for a lower bunk in 2006, in violation of the Eighth Amendment of the United States Constitution. On August 6, 2012, Plaintiff filed an amended motion to compel, in compliance with the order filed on July 11, 2012. Defendants filed an opposition on August 8, 2012.

**I.    Timeliness of Motion**

As an initial matter, the Court declines to deny Plaintiff's amended motion to compel as untimely. Although Defendants contend that Plaintiff did not serve his discovery request until March 2012, despite having dated the proof of service January 18, 2012, and their responses were therefore timely served on April 19, 2012, and May 13, 2012, it nevertheless remains a fact that Plaintiff did not have an opportunity to file a motion to compel by the discovery deadline of April

///

23, 2012. (Doc. 90.) On that basis, the Court permitted Plaintiff, in its order of July 11, 2012, to file an amended motion to compel within thirty days. (Doc. 80.) Plaintiff did so and the motion will be considered.

### II.     Motion to Compel Production of Medical Records

#### A.     Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

The party moving to compel bears the burden of demonstrating why the objection is not justified or the response is deficient. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objection or response is not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

#### B.     Discussion

In his original motion, Plaintiff sought to compel a response to document production request 8, in which he requested x-rays, MRIs, or other documents showing the extent of his injuries. (Doc.

1  64.) In response to the request, Defendants stated that they have no documents in their possession,
2  custody, or control *beyond those provided* in attachment B to the response. (Doc. 68.) Plaintiff
3  failed in his motion to address the substance of Defendants' response in his motion, and he was
4  informed by the Court that it is his burden to set forth why the response lacks merit. (Doc. 80.)

5  In his amended motion, Plaintiff argues that the x-rays taken at Stanford Hospital and
6  Pleasant Valley State Prison show the extent of the injuries he suffered.[1] (Doc. 88.) Plaintiff
7  contends that he has been unable to obtain the documents and that Defendants' objections lack merit.
8  (Id.)

9  In response, Defendants maintain that they did not object to Plaintiff's discovery request or
10 withhold documents, and that their response that they have no possession, custody, or control over
11 any documents beyond what they produced in Attachment B is sufficient. (Doc. 90.)

12 Plaintiff is seeking medical records, apparently in the form of x-ray films, from Defendants,
13 who were correctional officers during the relevant time period. Defendants have represented that
14 they produced all the medical records they have in their possession, custody, or control, including,
15 notably, the reports of the imaging studies. Plaintiff fails to articulate why the records produced were
16 incomplete, and he fails to articulate any basis upon which a finding may be made that Defendants
17 in fact have possession, custody, or control over his x-ray films or any additional documents.
18 Therefore, Plaintiff's motion must be denied.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

[1] Based on the records, it appears Plaintiff may be referring to University Medical Center rather than Stanford University Hospital. (Doc. 90-5, Ex. E.)

### III. Conclusion and Order

In conclusion, the Court finds that Plaintiff has not met his burden of demonstrating that there are additional medical records over which Defendants have possession, custody, or control, but they failed to produce, and Plaintiff's motion to compel, filed on August 6, 2012, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   September 11, 2012                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE