# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | CASE NO. 1:09-cv-00730-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | (Doc. 98) |
| J. A. YATES, et al., | |
| Defendants. | |

## Order Denying Motion for Reconsideration

Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 7, 2012, Plaintiff filed a motion seeking reconsideration of the Court's order denying his amended motion to compel. Defendants filed an opposition on November 28, 2012, Plaintiff filed a reply on December 17, 2012, and the motion has been deemed submitted. Local Rule 230(l).

**I.     Legal Standard**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

1

or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## II.   Discussion and Order

Plaintiff seeks reconsideration of the Court's order denying his amended motion to compel a response to document production request number 8, in which he sought x-rays, MRIs, and other documents showing the extent of his injuries. (Doc. 93.) The Court already exercised great leniency in light of Plaintiff's pro se status by allowing him to file an amended motion to compel, as Plaintiff failed to meet his burden in his original motion. (Doc. 80.) In denying Plaintiff's amended motion, the Court carefully reviewed Plaintiff's arguments and explained to Plaintiff in plain language why he was not entitled to an order compelling production.

Plaintiff's disagreement with the Court's decision and his desire to now elaborate further are not grounds for reconsideration.[1]  (Doc. 98, 1:21-23.) Reconsideration is not a vehicle by which to obtain a second, or third, bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

///

///

---

[1] Furthermore, the importance of the x-ray films to Plaintiff's case and his inability to obtain them without an order are neither grounds upon which an order compelling production by Defendants may be issued nor grounds upon which reconsideration may be granted.  (Doc. 98, 2:9-19.)

2

Accordingly, Plaintiff's motion for reconsideration, filed on November 7, 2012, is HEREBY ORDERED DENIED, with prejudice. Discovery is closed in this action and no further motions for reconsideration of this issue will be considered.

IT IS SO ORDERED.

**Dated:   December 21, 2012**               /s/ Sheila K. Oberto
                                                                            UNITED STATES MAGISTRATE JUDGE