# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00730-LJO-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND REFERRING MATTER TO MAGISTRATE JUDGE TO SET FOR TRIAL<br><br>(Docs. 76 and 100) |

　　　　Plaintiff Jimmy McDonald is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Cano, Clark, Rodriguez, and Roberts on Plaintiff's claim that they acted with deliberate indifference to a substantial risk of harm to his health and/or safety, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises out of Defendants' alleged failure to accommodate his medical need for a lower bunk.

　　　　The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On December 13, 2012, the Magistrate Judge issued findings and recommendations recommending that Defendants' motion for summary judgment be denied. Defendants filed objections on January 2, 2013, and Plaintiff filed a response to the objections on January 17, 2013. Local Rule 304(b), (d).

　　　　Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Defendants' objection that there is no evidence they acted with deliberate indifference lacks merit. Plaintiff's statements under penalty of perjury that he placed Defendants on notice and showed them his medical chrono are evidence, as are his witnesses' declarations. Accepting Plaintiff's version of events as true, Defendants were placed on notice that Plaintiff had a medical need for a lower bunk and having been placed on notice, they were required to take some action. *Farmer v. Brennan*, 511 U.S. 825, 844-45, 114 S.Ct. 1970 (1994). That Defendants were required to respond is true whether or not Plaintiff's medical chrono was valid at the time, as explained by the Magistrate Judge. The parties disagree whether there was a valid chrono in place at the time, and a simple phone call to verify the lack of a current, valid medical chrono might have sufficed if no chrono was in place as Defendants' claim, but there is no evidence that Defendants took any action. *Id.* As a result, there exist triable issues of fact regarding whether Defendants acted with deliberate indifference to a substantial risk of harm to Plaintiff. It is for the trier of fact, not the Court, to weigh the evidence and assess the credibility of the witnesses. *T.W. Elec. Serv., Inc. v Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on December 13, 2012, in full;
2. Defendants' motion for summary judgment, filed on July 6, 2012, is DENIED; and
3. This matter is referred back to the Magistrate Judge to set for trial.

IT IS SO ORDERED.

Dated:    January 22, 2013              /s/  Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE