1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8  JIMMY MCDONALD,                         CASE NO. 1:09-cv-00730-LJO-SKO PC

9                    Plaintiff,            ORDER REFERRING CASE TO
                                           SETTLEMENT WEEK PROGRAM AND
10       v.                                SETTING SETTLEMENT CONFERENCE

11  J. A. YATES, et al.,                   Date:      June 12, 2013
                                           Time:      11:00 a.m.
12                    Defendants.          Place:     Courtroom 9 before the
                                                      Honorable Stanley A. Boone
13
                                      /
14

15       Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed

16  this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009.  This action for damages is

17  proceeding against Defendants Cano, Clark, Rodriguez, and Roberts for acting with deliberate

18  indifference to a substantial risk of harm to Plaintiff's health and/or safety, in violation of the Eighth

19  Amendment of the United States Constitution, and the case is currently set for trial on June 25, 2013.

20       The Court has determined that it is appropriate to include this action in the Eastern District

21  of California's Settlement Week Program.  This case is therefore set for a settlement conference

22  before United States Magistrate Judge Stanley A. Boone on June 12, 2013, at 11:00 a.m. at the

23  federal courthouse in Fresno, California.

24       Accordingly, the Court HEREBY ORDERS as follows:

25       1.      This case is referred to the Prisoner Settlement Program and set for a settlement

26               conference on June 12, 2013, at 11:00 a.m. at the U. S. District Court, 2500 Tulare

27               Street, Fresno, California, 93721, in courtroom #9.

28  ///

1

2.     Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendants' behalf shall attend in person.[1]

3.     Those in attendance must be prepared to discuss the claims, defenses and relief sought.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition,  the conference will not proceed and will be reset to another date.

4.     Each party shall (1) provide a confidential settlement conference statement, described below, to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California, 95814, or via e-mail at spark@caed.uscourts.gov, **to arrive no later than June 4, 2013**, and (2) file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **or served on any other party**.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than three pages** in length, typed or neatly printed, and include the following:

a.     A brief statement of the facts of the case.

b.     A brief statement of the claims and defenses, e.g., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval by Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, No. CV02-1886PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).

1         c.      A summary of the proceedings to date.

2         d.      An estimate of the cost and time to be expended for further discovery,

3                  pretrial, and trial.

4         e.      The relief sought.

5         f.      The party's position on settlement, including present demands and offers and

6                  a history of past settlement discussions, offers, and demands.

7         g.      A brief statement of each party's expectations and goals for the settlement

8                  conference.

9

10 IT IS SO ORDERED.

11 **Dated:   April 22, 2013**              **/s/ Sheila K. Oberto**

                                       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28