# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | Case No. 1:09-cv-00730-SKO PC |
| Plaintiff, | ORDER DENYING MOTION TO REOPEN DISCOVERY AND CONTINUE TRIAL |
| v. | (Doc. 143) |
| CANO, CLARK, RODRIGUEZ, and ROBERTS, | |
| Defendants. | |

Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009. This action for damages is proceeding against Defendants Cano, Clark, Rodriguez, and Roberts for acting with deliberate indifference to a substantial risk of harm to Plaintiff's health and/or safety, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises out of Defendants' alleged failure to accommodate his medical need for a lower bunk at Pleasant Valley State Prison between April and August 2006.

This matter is set for jury trial on September 17, 2013. On July 10, 2013, Plaintiff filed a motion seeking to reopen discovery and continue the trial. Plaintiff also represents his intention to file a motion to amend to add Sgt. B. DeFrance as a defendant. Defendants filed an opposition to the motion on July 30, 2013.

///

1    The Court previously considered and denied Plaintiff's motions for further discovery, including Plaintiff's motions for reconsideration, on the ground that Plaintiff failed to establish good cause to modify the scheduling order.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  (Docs. 59, 80, 103, 121, 146.)

    To the extent that Plaintiff's latest motion may be construed as seeking reconsideration based on the discovery of new evidence, Fed. R. Civ. P. 60(b)(6); M*arlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), Plaintiff's reliance on the letter dated June 21, 2011, as evidence that Defendants interfered with his ability to obtain documents and/or otherwise committed misconduct which affected the discovery process is without merit.  Parties have a duty to preserve evidence where they have some notice of the documents' potential relevance to litigation.  *Leon v. IDX Systems, Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).  In this instance, the letter submitted by Plaintiff is nothing more than a notice from Defendants' counsel to the prison's case records manager that Plaintiff's prison records must be preserved during the pendency of this court case.  In other words, the letter merely notified the appropriate person at the prison of the need to preserve evidence.  As such, the letter evidences good faith conduct, and it neither constitutes inference with Plaintiff's ability and/or entitlement to obtain or review documents nor contradicts Defendants' previously-stated position that they do not have possession, custody, or control over Plaintiff's x-ray films.

    Plaintiff also fails to show good cause for a continuance of the trial.  As a result of the issuance of findings and recommendations on December 13, 2012, Plaintiff was on notice of the recommendation that this matter be set for jury trial, and on January 23, 2013, this case was set for trial.  Plaintiff's mere desire to wait until he paroles from prison and obtains an attorney does not suffice to demonstrate good cause.  Plaintiff has not demonstrated due diligence, and additionally, Plaintiff has made no showing that he has a firm parole date and/or that his release will leave him in any better of a position to obtain an attorney or try this case himself.  The Court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted).  Plaintiff had ample notice of the upcoming trial

1 date and his request for a continuance is not supported by a showing of good cause. Fed. R. Civ.
2 P. 16(b)(4).

3      Finally, while Plaintiff represents his intention to file a motion seeking leave to amend to
4 add a new party, the deadline for amending the pleadings was January 7, 2012. (Doc. 28.) As
5 previously discussed, modification of the scheduling order requires good cause. In light of the
6 facts that the deadline in question expired more than nineteen months ago, Plaintiff was permitted
7 to file a status report identifying the need for an extension of the deadlines set in the scheduling
8 order but failed to do so. As this case is set for jury trial in six weeks, it is unlikely that Plaintiff
9 can persuade the Court he acted with due diligence. Fed. R. Civ. P. 16(b)(4); *In re Western States*
10 *Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013); *Zivkovic*, 302 F.3d
11 at 1087. (Docs. 49, 53.)

12      Based on the foregoing, Plaintiff's motion to reopen discovery and continue the jury trial,
13 filed on July 10, 2013, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated: **August 14, 2013**           **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE