# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | Case No. 1:09-cv-00730-SKO PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES, GRANTING DEFENDANTS' REQUEST FOR MODIFICATION OF PRETRIAL ORDER, AND DENYING PLAINTIFF'S MOTIONS TO ADD AN EXHIBIT AND FOR USM TRANSPORTATION |
| v. | |
| CANO, CLARK, RODRIGUEZ, and ROBERTS, | |
| Defendants. | |
| | (Docs. 115 and 149) |

Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009. This action for damages is proceeding against Defendants Cano, Clark, Rodriguez, and Roberts for acting with deliberate indifference to a substantial risk of harm to Plaintiff's health and/or safety, in violation of the Eighth Amendment of the United States Constitution.

This matter is set for jury trial on September 17, 2013, and on August 19, 2013, the parties appeared by telephone for the trial confirmation hearing.

As discussed during the hearing, Plaintiff's motion for the attendance of incarcerated witnesses Charles Rickard, Daniel Laury, and Chance Harden is granted. The witnesses have attested under penalty of perjury that they saw and heard Plaintiff request a lower bunk and present his accommodation chrono, without success. (Doc. 115, court record pp. 3-4.) As a result,

they have demonstrated actual knowledge of relevant facts. *See Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983). While there is no indication they are willing to testify voluntarily, that factor is outweighed by the importance of permitting Plaintiff the opportunity to call eye and ear witnesses to testify on his behalf. Finally, even assuming the three inmates witnessed the same event on the same day, which has not been shown, three witnesses is not so excessive as to support a limiting order based on cumulative testimony. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1071 (9th Cir. 2005); *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001); *Loux v. U.S.*, 389 F.2d 911, 917 (9th Cir. 1968).

Plaintiff's motion for the attendance of inmates Carlos Cervantes and Armando Rico is denied. Inmate Cervantes' proposed testimony relates to an event which is not relevant to the claim in this action, and Armando Rico cannot be located via the California Department of Corrections and Rehabilitation inmate locator website. (Doc. 115, court record p. 5.) While Plaintiff represented during the hearing that inmate Rico is serving a life sentence and Plaintiff may have provided an incorrect CDCR number, a search for inmate Rico by name was also unsuccessful.

Next, Defendants object to footnote 7 of the Pretrial Order and request that the witnesses they intend to call be required to be present on the second day of trial or, in the alternative, be required to be present by 1:30 p.m. rather than 9:30 a.m. on the first day of trial. Defendants' request is granted, and any witnesses they intend to call must be present by 1:30 p.m. on the first day of trial. Further, if Plaintiff calls any of Defendants' witnesses to testify, Defendants may conduct their direct examination of those witnesses at that time, in the interest of trial efficiency.

Finally, Plaintiff informed the Court that he served by mail objections to the Pretrial Order and various motions. To date, the Court has not received those filings, but it will address them when they are received. Furthermore, as explained to Plaintiff during the hearing, the Court cannot direct the United States Marshal to transport Plaintiff for trial, but it will request that the Litigation Office look into Plaintiff's concerns regarding his medical condition; it is too late to add new trial exhibits, absent a showing of manifest injustice; and Plaintiff's motion to include inmate appeal log number PVSP-FAP-A-0801200 as a trial exhibit is denied because the exhibit is not

relevant.

Accordingly, the Court ORDERS as follows:

1. Plaintiff's motion for the attendance of inmate witnesses Charles Rickard, Daniel Laury, and Chance Harden, filed on March 25, 2013, is GRANTED;

2. Plaintiff's motion for the attendance of inmate witnesses Carlos Cervantes and Armando Rico, filed on March 25, 2013, is DENIED;

3. The Pretrial Order shall be modified to allow Defendants' witnesses to be present by 1:30 p.m., rather than 9:30 a.m., on the first day of trial;

4. Plaintiff's motion to include inmate appeal log number PVSP-FAP-A-0801200 as a trial exhibit, filed on March 25, 2013, is DENIED; and

5. Plaintiff's request for transportation by the United States Marshal, raised during the hearing on August 19, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **August 20, 2013**                              **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE

3