# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | Case No. 1:09-cv-00730-SKO PC |
| Plaintiff, | ORDER ADDRESSING REPLY |
| v. | (Doc. 151) |
| CANO, CLARK, RODRIGUEZ, and ROBERTS, | |
| Defendants. | |

Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009. This action for damages is proceeding against Defendants Cano, Clark, Rodriguez, and Roberts for acting with deliberate indifference to a substantial risk of harm to Plaintiff's health and/or safety, in violation of the Eighth Amendment of the United States Constitution. This matter is set for jury trial on September 17, 2013.

On August 15, 2013, the Court denied Plaintiff's motion to reopen discovery and continue the trial date. Plaintiff's untimely reply to Defendants' opposition to his motion was received and filed on August 19, 2013. Although untimely, the Court deems it in the interest of justice to address several issues.

First, the Court declines to revisit in detail the issue of modifying the scheduling order to reopen discovery. Discovery closed on April 23, 2012, and on multiple occasions, the Court has

1  addressed and denied Plaintiff's requests for relief from the scheduling order, finding no good
2  cause. Fed. R. Civ. P. 16(b)(4). (Docs. 59, 80, 103, 121, 146, 148.) It bears repeating that
3  Plaintiff was provided with the opportunity to notify the Court if he needed any modifications to
4  the scheduling order and he did not do so. (Docs. 49, 53.) Despite Plaintiff's failure to file a
5  status report, he nevertheless benefited from an extension of the discovery deadline to April 23,
6  2012, by virtue of Defendants' requested extension. (Doc. 53.)

7  With respect to Plaintiff's desire to continue the trial date until he is released from prison
8  on January 27, 2014, the Court accepts Plaintiff's representation, made under penalty of perjury,
9  that his release date is firm. However, to obtain a continuance of the trial date, Plaintiff must
10 demonstrate manifest injustice. Fed. R. Civ. P. 16(e). The Court is not without sympathy to
11 Plaintiff's situation, but his desire to wait until he is released from custody does not support a
12 finding of manifest injustice.

13 Plaintiff elected to file this civil rights action and he is responsible for prosecuting the
14 action. Furthermore, Plaintiff is not entitled to representation by counsel in this case. *Palmer v.*
15 *Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.
16 1981). While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and
17 his incarceration, the test for the appointment of voluntary counsel in cases such as this is not
18 whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789
19 F.2d 1328, 1331 (9th Cir. 1986). *Wilborn*, 789 F.2d at 1331 ("Most actions require development
20 of further facts during litigation and a pro se litigant will seldom be in a position to investigate
21 easily the facts necessary to support the case.") The test is whether exceptional circumstances
22 exist and here, they do not. While Plaintiff contends that his medical and mental health issues
23 impede his ability to represent himself, neither Plaintiff's filings nor his appearance at the trial
24 confirmation hearing support a finding that he is not competent to continue prosecuting this case.

25 Finally, while Plaintiff represents that his sister will be sponsoring him once he is released
26 and he "is reasonably certain" that the Mental Health Department will help him find an attorney,
27 the latter assertion is not supported by any specific, credible facts. (Doc. 151, 2:26-28.) Plaintiff's
28 speculation that he will be able to find an attorney once he is released does not support a

continuance.  This action has been pending since 2009 and it was set for jury trial on January 23, 2013.  Plaintiff has not been able to obtain an attorney to represent him thus far, and he has offered no credible explanation how his release from custody materially changes things such that while neither he nor his sister has been able to obtain counsel to date, they will somehow be able to do so once he is released.

Accordingly, by virtue of this order, the Court has considered and addressed Plaintiff's reply to Defendants' opposition to his motion to reopen discovery and continue the trial date.

IT IS SO ORDERED.

Dated:   **August 23, 2013**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE