# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | Case No. 1:09-cv-00730-SKO PC |
| Plaintiff, | ORDER ADDRESSING PLAINTIFF'S OBJECTIONS TO PRETRIAL ORDER, AND DENYING MOTION FOR INMATE ASSISTANT TO ACT AS COUNSEL DURING TRIAL |
| v. | |
| CANO, CLARK, RODRIGUEZ, and ROBERTS, | |
| Defendants. | (Docs. 159 and 161) |

Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009. This action for damages is proceeding against Defendants Cano, Clark, Rodriguez, and Roberts for acting with deliberate indifference to a substantial risk of harm to Plaintiff's health and/or safety, in violation of the Eighth Amendment of the United States Constitution. This matter is set for jury trial on September 17, 2013. On August 23, 2013, Plaintiff filed objections to the pretrial order, and on August 26, 2013, Plaintiff filed a motion seeking to have inmate John Greschner assist Plaintiff at trial.

**I.     Objections to Pretrial Order**

Plaintiff's objections are addressed as follows:

1.     Plaintiff's request for a continuance is denied. These issues were already addressed by the Court in the three separate orders filed on August 15, 2013, August 21, 2013, and August

1  23, 2013.  (Docs. 148, 154, 160.)  While the Court is sympathetic to the health issues Plaintiff faces, an eleventh hour motion to continue the trial date based on issues which were previously known to Plaintiff does not meet the requisite standard of manifest injustice.  Fed. R. Civ. P. 16(e). Further, in an effort to accommodate Plaintiff's concern regarding transportation, the Court requested that the Litigation Office ensure Plaintiff is able to be transported by bus for trial.

2. Plaintiff's objection to undisputed fact 4 is overruled.  Plaintiff's disagreement with Dr. Ferro's actions does not bring into dispute the fact that Dr. Ferro did not document a need for a lower bunk in the chrono issued on March 10, 2006.  Plaintiff may question Dr. Ferro at trial if he is called by Defendants to testify, but Plaintiff's position that Dr. Ferro failed to do his job does not bring fact 4 into dispute.

3. Plaintiff's objection to fact 8 is sustained and it will be moved to the disputed facts section.

4. Plaintiff's objection to fact 9 is overruled.  Plaintiff's apparent position that Nurse Practitioner Coleman failed in her duties does not bring into dispute the fact that she did not document a need for a lower bunk in the CDC 7410.

5. Plaintiff's objection to fact 13 is overruled.  Plaintiff's position that Defendants should have called the clinic to verify his medical condition, pursuant to policy, does not bring into dispute the fact that they did not have access to Plaintiff's medical files and did not know what medical conditions he had.  At trial, Plaintiff may question Defendants about the policy and their alleged failure to call the clinic and inquire about his need for a lower bunk.

6. Plaintiff's statements regarding anticipated trial testimony are disregarded.  (Obj., 4:16-25 & 5:5-16.)  Both sides may raise objections to testimony at trial.

7. The Court already denied Plaintiff's motion to include the inmate appeal against Defendant Cano for assault as an exhibit.  (*Id.*, 4:26-5:4.)  The appeal, which grieved an event that occurred approximately two years after the events at issue here, is not relevant and Plaintiff's desire to use the appeal to show Defendant Cano's "evil intent" is specifically prohibited by Federal Rule of Evidence 404(a)(1).

///

2

8. Plaintiff's statements regarding the disputed facts, his intent to object to any motions in limine, and the points of law are disregarded. (*Id.*, 5:20-7:19.) These facts are in dispute and Plaintiff's desire to argue over them in an objection is misplaced; Plaintiff is entitled to object to any motions in limine; and Plaintiff has raised no legitimate issues with respect to the points of law.

9. Plaintiff objects to the use of his and his inmate witnesses' abstracts of judgment. Federal Rule of Evidence 609 provides for impeachment by evidence of criminal conviction under certain circumstances, and this issue is subject to Defendants' motion in limine. Therefore, the Court will address the issue when it rules on the parties' motions in limine.

10. Plaintiff's request for an order permitting him to speak with his inmate witnesses by telephone or videoconference before the date of the trial is denied. Plaintiff will have an opportunity to speak with his witnesses on the morning of trial before proceedings begin. To the extent Plaintiff desired to communicate with his witnesses, the discovery phase of the litigation would have been the appropriate juncture during which to seek this form of relief.

11. Plaintiff's objection to the denial of his motion for the attendance of Armando Rico is overruled. While Plaintiff may have made an error with respect to Mr. Rico's California Department of Corrections and Rehabilitation (CDCR) number, the Court also did a name search for Armando Rico and for Rico Armando. There is no inmate by either name in CDCR. Given Plaintiff's representation that Mr. Rico was serving a life sentence, the Court's inability to locate him raises the possibility that may be deceased. Regardless of the underlying reason, the Court cannot order the transportation of an inmate who cannot be located within the prison system.

12. Plaintiff's statements and speculation regarding trial testimony and exhibits are disregarded. (*Id.*, 8:25-10:21.) These issues will be addressed at trial as they arise.

13. Plaintiff's objection to the defense calling a witness knowledgeable regarding the process and requirements for CDC 7410 accommodation chronos is overruled. (*Id.*, 10:22-25.) The basis for Plaintiff's objection is unclear, but the subject of accommodation chronos is relevant and Plaintiff may question this witness at trial.

///

14. Plaintiff's request for an order requiring the custodian of records to appear in person is denied. (*Id.*, 10:25-11:9.) The custodian of records is on the witness list solely to authenticate Plaintiff's prison records and so long as Defendants are willing to stipulate to the authenticity of the prison records Plaintiff intends to introduce at trial, it serves no purpose to require the attendance of the custodian of records. (Pretrial Order, footnote 7.) The custodian will not be testifying on any substantive issues and Plaintiff has made no showing that he has any legitimate need to question this witness.

15. The Court previously issued its ruling on the inmate appeal against Defendant Cano for assault. (Doc. 153.) It is irrelevant and there is no basis for revisiting the issue. Defendant Rodriguez's declaration is a non-issue. It may be subject to preclusion at trial, but it is on Plaintiff's exhibit list in the pretrial order.

16. With respect to Plaintiff's objections to Defendants' exhibits, he may either file a written motion in limine articulating the bases for his objections or he may object at trial.[1] Plaintiff has presented no legitimate objections requiring an amendment to Defendants' exhibit list in the pretrial order, and his assertion that the exhibits are irrelevant on their face is overruled. Fed. R. Evid. 401.

17. Plaintiff's objection to the use of his discovery responses for impeachment purposes is overruled, Fed. R. Evid. 607, and his assertion that he had a right to counsel during his deposition is wholly without merit, M*allard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814 (1989).

18. Plaintiff's objection to Defendants' willingness to stipulate to the authenticity of prison records is unsupported, and is frankly, perplexing. (Pretrial Order, Section XI.) This stipulation is intended to benefit both sides, and Plaintiff has made no showing to the contrary.

19. Plaintiff's objection to the order denying his motion for the appointment of an expert witness is overruled. No legitimate basis for reconsideration of the ruling has been presented. Fed. R. Civ. P. 16(d), (e); Fed. R. Civ. P. 60; Local Rule 230(j).

---

[1] The motion in limine deadline was August 19, 2013. However, both sides may object to any testimony or evidence at trial as issues arise.

1  No further objections to the pretrial order will be considered.

2  **II.   Motion for Inmate Assistant at Trial**

Plaintiff represents that he has found an inmate who has legal experience and is willing to assist him at trial. Plaintiff seeks to have the inmate, John Greschner, transported for trial.

"[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Therefore, Mr. Greschner may not assist Plaintiff at trial and his request for the transportation of Mr. Greschner is denied.

IT IS SO ORDERED.

Dated:   **August 27, 2013**                         /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE