# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | Case No. 1:09-cv-00730-SKO PC |
| Plaintiff, | **AMENDED PRETRIAL ORDER** |
| v. | **Jury Trial:** September 17, 2013, at 8:30 a.m. in Courtroom 7 (SKO) |
| CANO, CLARK, RODRIGUEZ, and ROBERTS, | |
| Defendants. | |

Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009. This action for damages is proceeding against Defendants Cano, Clark, Rodriguez, and Roberts for acting with deliberate indifference to a substantial risk of harm to Plaintiff's health and/or safety, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises out of Defendants' alleged failure to accommodate his medical need for a lower bunk at Pleasant Valley State Prison (PVSP) between April and August 2006.[1]

## I. Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district.

---

[1] On February 3, 2011, Defendants Yates and Igbinosa and Plaintiff's claims for equitable relief were dismissed from the action at the screening stage for failure to state a claim. 28 U.S.C. § 1915A. (Doc. 16.)

**II.   Jury Trial**

All parties seek a trial by jury. Fed. R. Civ. P. 38(b).

**III.   Facts**

**A.   Undisputed Facts**

1. Plaintiff is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) and is serving a ten-year sentence for his 2004 felony conviction.

2. Plaintiff was incarcerated at PVSP from April 2005 to September 2012.

3. Upon his arrival at PVSP, Plaintiff received an "intake informational chrono" for a low bunk/low tier housing assignment because of his medical condition.

4. On March 10, 2006, Dr. Ferro issued a Comprehensive Accommodation Chrono (CDC 7410) for Plaintiff that did not indicate that he required a low-bunk assignment.

5. On June 21, 2006, Plaintiff was moved to an upper bunk in cell 131 in Building 2 on Facility A at PVSP.

6. Defendants Cano and Roberts were the second-watch housing officers in Building 2; Defendant Rodriguez was one of the third-watch housing officers in the building; and Defendant Clark was a second-watch relief officer, who covered Cano's or Roberts's shift on their days off.

7. At all times relevant, Defendants were acting under color of state law.

8. On August 9, 2006, Nurse Practitioner Coleman issued an updated CDC 7410 for Plaintiff that did not indicate that he required a low-bunk assignment.

9. On September 3, 2006, at approximately 5:20 p.m., Plaintiff fell off his top bunk and was taken to an outside medical facility for treatment.

10. Plaintiff sustained rib fractures and a cervical-spine fracture.

11. On September 7, 2006, medical staff issued a comprehensive-accommodation chrono for Plaintiff to receive a permanent low-bunk, low-tier assignment.

12. None of the Defendants had access to Plaintiff's medical records and did not know what medical conditions he had.

///

///

2

**B.** **<u>Disputed Facts</u>**

1. Did Plaintiff inform Defendants of his seizure disorder or need for low-bunk assignment, which they ignored?

2. Did Plaintiff have an accommodation chrono for a low-bunk assignment of which Defendants were aware before his fall?

3. Did Defendants have the authority to move an inmate from his assigned bunk or cell?

4. The extent and severity of Plaintiff's injuries.

**C.** **<u>Disputed Evidentiary Issues</u>**[2]

1. Defendants object to Plaintiff testifying about the diagnosis and prognosis of his injuries and the cause of any medical condition of which he complained or continues to complain on the ground that Plaintiff is not qualified to give testimony about the cause and effect, diagnosis, or prognosis of his medical conditions.

2. Defendants intend to file motions in limine to preclude Plaintiff from testifying, eliciting testimony, or introducing evidence of the following matters:

    (a)    dismissed Defendants or claims;

    (b)    unrelated events and individuals, including Plaintiff's purported lack of proper medical care for his injuries;

    (c)    Defendants' involvement in other lawsuits or incidents alleging excessive force or deliberate indifference to the health or safety of inmates;

    (d)    offers to compromise; and

    (e)    CDCR's indemnification of an adverse judgment.

3. Defendants will file a motion in limine to exclude or limit the testimony of the inmate witnesses Plaintiff intends to call.

4. Defendants will also file a motion in limine to permit them to introduce evidence of Plaintiff's and any incarcerated witness's felony conviction or sentence for impeachment purposes.

5. Defendants anticipate objecting to various exhibits Plaintiff intends to use at trial.

---

[2] Evidentiary objections may be raised in a timely motion in limine, addressed in section XVIII, or at trial.

6.   Plaintiff identifies the extent of his injuries as the source of a likely evidentiary dispute.

### D. Special Factual Information

None.

## IV. Relief Sought

This action is limited to monetary damages. In his complaint, Plaintiff seeks $250,000.00 in compensatory damages from each Defendant.

Defendants seek judgment and an award of costs.

## V. Points of Law

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To prevail on his claim, Plaintiff must demonstrate a link between actions or omissions of Defendants and the violation of his Eighth Amendment rights; there is no *respondeat superior* liability under section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

### B. Eighth Amendment Claims

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and

4

often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas*, 611 F.3d at 1151-52; *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials' duty under the Eighth Amendment is to ensure reasonable safety, and prison officials may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 847 (quotation marks and citations omitted).

### C.  **Qualified Immunity**

Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151

(2001); *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009).  While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances.  *Pearson*, 555 U.S. at 236 (overruling holding in *Saucier* that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); *Mueller*, 576 F.3d at 993-94.

### D. Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence.  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008).  The jury must find that Defendants' conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986).  Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages.  *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

### E. Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony.  Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait.  Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  *Id.*

## VI.  Abandoned Issues

None.

## VII.  Witnesses

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE**

///

**OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

     **A.**     <u>**Plaintiff's Witness List**</u>

1. Plaintiff Jimmy McDonald
2. Inmate Charles Rickard, #H-46257
3. Inmate Daniel Laury, #K-90424
4. Inmate Chance Harden, #H-30661
5. Inmate Armando Rico, #D-83084[3]
6. Sgt. B DeFrance[4]

     **B.**     <u>**Defendants' Witness List**</u>[5]

1. Jimmy McDonald, Plaintiff
2. A. Cano, Defendant
3. G. Clark, Defendant
4. H. Roberts, Defendant
5. R. Rodriguez, Defendant
6. K. Ruth, Correctional Officer at PVSP
7. B. DeFrance, Sergeant at PVSP
8. R. Ferro, Physician at PVSP
9. D. Coleman, Nurse Practitioner at PVSP

---

[3] Plaintiff's motion for the attendance of incarcerated witnesses Rickard, Laury, and Harden was granted, but Plaintiff's motion for the attendance of inmate Rico was denied on the ground that he could not be identified and located within the CDCR system. (Doc. 153.)

[4] While Plaintiff states his desire to have Sgt. DeFrance served with a subpoena to appear at trial, Plaintiff did not comply with the scheduling order, which required Plaintiff to notify the Court on or before March 1, 2013, of any witnesses he sought to have served with subpoenas. (Doc. 116, Pretrial Stmt., 3:2-4; Doc. 107, 2nd Sched. Order, 4:3-22.) The Court also notes that Plaintiff has at no time represented he is willing and able to compensate unincarcerated witnesses who refuse to testify voluntarily. The scheduling order notified Plaintiff of the requirement that unincarcerated witnesses who refused to testify voluntarily be paid $40.00 per day plus travel expenses.

    Sgt. DeFrance is on Defendants' witnesses list, however. While Defendants are not required to call Sgt. DeFrance to testify, if he appears at trial to testify, Plaintiff may also call him as a witness.

[5] Defendants are not required to call all of the witnesses they listed. However, witnesses the defense plans to call shall be present on September 17, 2013, by 1:30 p.m. and shall be available for Plaintiff to call for direct examination.

10. P. Benyamin, Physician at PVSP

11. Appeals Coordinator at PVSP

12. Litigation Coordinator at PVSP

13. Person Most Knowledgeable at PVSP concerning the process and requirements for CDC 7410 accommodation chronos

14. Custodian(s) of Records for Plaintiff's central file and medical records with CDCR[6]

**VIII. Exhibits**

**The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

   A. **Plaintiff's Exhibits**

1. Intake Informational Chrono form, dated April 21, 2005

2. General Chrono form (CDC 128-B), dated August 21, 2005

3. Medical Record from Stanford Hospital & Clinics-Emergency Dept., dated September 4, 2006

4. Declaration of Carlos Cervantes, dated September 3, 2006

5. Declaration of Charles Rickard, dated September 3, 2006

6. Declaration of Plaintiff Jimmy McDonald, dated September 3, 2006

7. Declaration of R. Rodriguez, dated July 6, 2012

8. Drawing by Plaintiff Jimmy McDonald of Plaintiff's vertebrae after x-rays were taken on June 15, 2011

9. Report by James Carter Thomas, MD, APC, dated June 4, 2008

10. Report by James Carter Thomas, MD, APC, dated June 17, 2011

---

[6] Defendants seek to have the custodians of record authenticate documents by written declaration to avoid undue expense and in the absence of any dispute over the authenticity of the documents to be presented.  Defendants' request is granted in light of their willingness to stipulate to the authenticity of any unaltered records from Plaintiff's central and medical files maintained by CDCR and any CDCR records generated and maintained in the regular course of business.  (The documents may still be objected to on other grounds.)

11. Coalinga Regional Medical Center radiology report, CT lumbosacral spine/CT reconstructions, dated April 29, 2012

12. Coalinga Regional Medical Center radiology report, CT cervical spine with reconstructions, dated April 29, 2012

13. Central California Emergency Services Agency report, dated September 4, 2006

14. University Medical Center, Department of Medical Imaging report, dated September 27, 2006

15. Health Care Services Physician Request for Services form (CDCR 7243), dated December 6, 2006

16. Initial Pain Assessment Patient Completion form (CDCR 7471), dated July 22, 2011

17. Chronic Pain Provider-Patient Agreement/Informed Consent for Opioid Pain Medication form (CDCR 7474), dated July 22, 2011

18. Medication Reconciliation form, active and inactive medications as of February 4, 2011, signed and dated February 7, 2011

19. Medication Reconciliation form, active and inactive medications as of June 24, 2010, signed and dated June 26, 2010

20. Medication Reconciliation form, active and inactive medications as of September 1, 2010, signed and dated September 7, 2010

21. Medication Reconciliation form, inactive medications as of May 27, 2010, signed and dated May 28, 2010

**B.    Defendants' Exhibits**

1. Inmate/Parolee Appeal Form (CDC 602) Log No. PVSP-06-2953 (all levels)

2. Plaintiff's Inmate/Parolee Appeals History-Tracking System Level I & II from PVSP

3. Intake Informational Chrono, dated April 21, 2005

4. Comprehensive Accommodation Chrono (CDC 7410), dated March 10, 2006

5. Comprehensive Accommodation Chrono (CDC 7410), dated August 9, 2006

6. Comprehensive Accommodation Chrono (CDC 7410), dated September 7, 2006

7. IPTS022A—Bed Assignments for Plaintiff (computerized printout) (4 pgs)

8. Plaintiff's Relevant Medical Records:
   a. Outpatient Interdisciplinary Progress Notes, dated March 10, 2006
   b. Physician's Orders, dated March 10, 2006
   c. Outpatient Interdisciplinary Progress Notes, dated August 9, 2006
   d. Physician's Orders, dated August 9, 2006
   e. Encounter Form: Loss of Consciousness, dated September 3, 2006 (2 pgs)
   f. Health Care Services Physician Request for Services, dated September 3, 2006
   g. Progress Notes, dated September 4, 2006
   h. Health Care Services Request Form, dated September 5, 2006
   i. Encounter Form: Musculoskeletal Complaint (Non-Traumatic), dated September 7, 2006
   j. Physician's Orders, dated September 7, 2006
9. Chapter 23 Comprehensive Accommodation Chrono (Jan. 2006) from Volume 4 of CDCR Division of Correctional Health Care Services' Inmate Medical Services Policies & Procedures manual (4 pgs)
10. CDCR Department Operations Manual § 52020.5.4-GA 154, Inmate Transfer Form
11. Abstract Judgment for Plaintiff's committed offense, dated July 16, 2004
12. Declaration of Custodian of Records of Plaintiff's central file records with CDCR
13. Declaration of Custodian of Records of Plaintiff's medical file records with CDCR

**IX.   Discovery Documents to be Used at Trial**

Defendants intend to use (1) Response to Interrogatory 1 and 2 to Roberts's first set of interrogatories and (2) Response to Interrogatory 1, 2, and 9 to Clark's first set of interrogatories.

Defendants may use, for impeachment purposes, Plaintiff's deposition testimony, taken on April 6, 2012, and his remaining responses to discovery.

Plaintiff does not identify any specific discovery documents to be used at trial.

**X.   Further Discovery or Motions**

None.

///

While Plaintiff continues to seek modification of the scheduling order to conduct further discovery, the Court previously ruled numerous time that discovery will remain closed and Plaintiff's motions for reconsideration on that issue were denied. (Docs. 59, 80, 103, 121.) Thus, Plaintiff's requests for further discovery and/or to compel the production of documents, set forth in his pretrial statement, are denied. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

**XI.    Stipulations**

Defendants are willing to stipulate to the authenticity of any unaltered records from Plaintiff's central and medical files maintained by CDCR and any CDCR records generated and maintained in the regular course of business.

Defendants also do not dispute that they were acting under color of state law at the time of the relevant events.

**XII.    Amendments/Dismissals**

Defendants' request to amend the caption of this action to reflect the names of only the remaining defendants is granted.

**XIII.    Settlement Negotiations**

The parties participated in a settlement conference before U.S. Magistrate Judge Stanley A. Boone on June 12, 2013, but the case did not settle.

**XIV.    Agreed Statement**

None.

**XV.    Separate Trial of Issues**

The punitive damages phase, if any, will be bifurcated.

**XVI.    Impartial Experts – Limitation of Experts**

Plaintiff seeks the appointment of a medical expert witness to testify regarding the extent and severity of Plaintiff's injuries.

While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term*

*Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), where the cost would likely be apportioned to the government, the Court should exercise caution.  The Court's docket is comprised of an overwhelming number of civil rights cases filed by prisoners proceeding pro se and in forma pauperis, and the facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court.  *Wilds v. Gines*, No. C 08-03348 CW (PR), 2011 WL 737616, at *4 (N.D. Cal. Feb. 23, 2011); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.")

Furthermore, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).  The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical issue is not of such complexity that the Court requires the assistance of a neutral expert at trial.  *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).  Therefore, Plaintiff's motion for the appointment of a medical expert witness is denied.

### XVII. Attorney's Fees

Plaintiff is proceeding pro se and is not entitled to attorney's fees.  Defendants do not anticipate seeking attorney's fees if they prevail.

///

XVIII. **Further Trial Preparation**

    A.    **Motions In Limine**

        1.    **Briefing Schedule**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111-12 (quotation marks omitted).

Any motions in limine must be served on the other party, and filed with the Court, by **August 19, 2013**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by **September 9, 2013**.

If any party files a motion in limine, the Court may set a telephonic motions in limine hearing if it deems one necessary. If a hearing is set, counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic hearing and to initiate the telephonic hearing at **(559) 499-5790**. If a hearing is not set, the Court will address motions via written order or on the morning of trial.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

        2.    **Other**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If the parties wish to submit a trial brief, they must do so on or before **September 10, 2013**. The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **September 10, 2013.**

///

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **September 10, 2013**. If Plaintiff wishes to file proposed jury instructions, he must do so on or before **September 10, 2013**.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at: skoorders@caed.uscourts.gov.

Proposed voir dire questions, if any, shall be filed on or before **September 10, 2013**, pursuant to Local Rule 162.

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **September 10, 2013**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

The original and five copies of all trial exhibits, along with exhibit lists, shall be submitted to Courtroom Deputy Alice Timken no later than **September 10, 2013**.[7] Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with A (e.g., DX-A, DX-B, etc.).

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits shall be pre-marked with the prefix

---

[7] Original for the Courtroom Deputy, one copy for the undersigned, one copy for the court reporter, one copy for the witness stand, one copy for the opposing side, and one copy to be retained by the party.

"JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.), and Defendants' counsel shall submit the original and five copies of the joint trial exhibits, with exhibit lists, no later than **A September 10, 2013**.

If Defendants wish to use a videotape or a DVD for any purpose during trial, they shall submit a copy of the videotape or DVD to Courtroom Deputy Alice Timken by 4:00 p.m. on **September 10, 2013**.[8]  If a written transcript of audible words on the tape is available, the Court requests that the transcript be submitted to the Courtroom Deputy Alice Timken along with the videotape or DVD, solely for the aid of the Court.

If counsel intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, counsel shall contact Courtroom Deputy Alice Timken at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

**XIX.   Objections to Pretrial Order**

Objections to the Pretrial Order filed on August 1, 2013, were due on or before August 19, 2013.  Plaintiff and Defendants filed timely objections and the Amended Pretrial Order issues in response to the Court's rulings on the parties' objections.  **No further objections will be considered.**

**XX.    Miscellaneous Matters**

In his pretrial statement, Plaintiff states that during his deposition held on April 12, 2012, he requested a copy of the deposition but he was not provided with pages 53, 54, 55, and 56, and he is requesting those pages at this time.

The Court is uncertain how Plaintiff would have obtained a copy of his deposition given that on May 22, 2012, the Court issued an order denying Plaintiff's motion for a free copy of his deposition transcript and informing him that he was entitled only to a review to make necessary changes, if he requested the review before the completion of the deposition.  Fed. R. Civ. P. 30(e)(1), (f)(3).  (Doc. 60.)

///

---

[8] Admissibility of any videotape or DVD is subject to the Federal Rules of Evidence.

If Plaintiff paid for a copy and it was missing pages, his recourse is to contact the court reporting agency from which he obtained the transcript.  If Defendants provided Plaintiff with a courtesy copy, he may request the missing pages directly from counsel.  The Court declines to intervene in the matter in light of its May 22, 2012, order and Plaintiff's lack of entitlement to a free copy.

***

<u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER</u>.

IT IS SO ORDERED.

Dated:   **August 27, 2013**                                **/s/ Sheila K. Oberto**
                                                                               UNITED STATES MAGISTRATE JUDGE