# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>CANO, CLARK, RODRIGUEZ, and ROBERTS,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-00730-SKO PC<br><br>ORDER (1) DENYING PLAINTIFF'S MOTION TO MODIFY AMENDED PRETRIAL ORDER TO ADD NINE NEW EXHIBITS, (2) DENYING PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENSE WITNESSES COLEMAN AND FERRO, AND (3) EXCLUDING DECLARATIONS BY DEFENDANTS CANO, CLARK, AND ROBERTS FROM PX-102<br><br>(Doc. 173) |

**I.    Plaintiff's Motion to Modify Amended Pretrial Order to Include Exhibits PX-107 Through PX-115**

Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009. This matter is set for jury trial on September 17, 2013, and the Amended Pretrial Order filed on August 28, 2013, controls. Fed. R. Civ. P. 16(d); Local Rule 283(c).

On September 9, 2013, Plaintiff filed a motion seeking to modify the Amended Pretrial Order to include nine new exhibits. Plaintiff's assertion that he has the right to any evidence which is relevant absent undue burden or expense is incorrect. Federal Rule of Civil Procedure 26, which Plaintiff cites, pertains to discovery. At this juncture in the proceedings, the Amended Pretrial Order controls and it may not be modified absent a showing of necessity to prevent

manifest injustice.  Fed. R. Civ. P. 16(d), (e); Local Rule 283(c); *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

The following factors must be considered in determining whether to modify the Amended Pretrial Order: (1) degree of prejudice or surprise to Defendants; (2) the ability of Defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of Plaintiff.  *Hunt*, 672 F.3d at 616 (quotation marks and citation omitted).

Here, Plaintiff moved to include new exhibits one week before trial without any reasonable, credible explanation.[1]  While the Court is required to and does exercise leniency toward pro se litigants, leniency does not extend so far as to allow pro se litigants to disregard the Court's orders.  The inclusion of these exhibits would likely not cause Defendants to suffer any actual prejudice in light of the exhibits' likely inadmissibility on other grounds, but Defendants should not be required to address eleventh hour evidentiary additions.  At the very least, it causes unnecessary and unjustified surprise.

The critical factor here, however, is the Court's ability to ensure the orderly and efficient litigation of this case.  If the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules may be rendered meaningless simply because a litigant lacks familiarity with trial preparation, the Court would face an impossible task in trying to control the course of the litigation.  There is no indication that Plaintiff is acting in bad faith, but he is nonetheless proceeding as if orders and rules are of little to no consequence and may be disregarded or altered to suit Plaintiff's last minute decision making as trial approaches.  Plaintiff had ample opportunity to prepare and submit his exhibit list; he was provided with a copy of Local Rule 281, which placed him on notice regarding the finality of his exhibit list in his Pretrial Statement; and he had the opportunity to consider and object to the Pretrial Order filed on August 1, 2013. (Docs. 107, 146.)  Finally, both the Pretrial Order and the Amended Pretrial Order placed Plaintiff on notice

---

[1] Plaintiff represents, vaguely, that he was led to believe he would be permitted to "just bring" whatever documents he planned to use at trial and they would be marked. (Doc. 173, 2:22-27.) It is unclear how or by whom Plaintiff was misled, but the Court made no such representation to Plaintiff and the Pretrial Order and the Amended Pretrial Order were clear as to the finality of the exhibit lists, absent stipulation or a showing of manifest injustice. (Section VII in Docs. 146, 163.)

that no other exhibits may be admitted absent stipulation between the parties or a showing that the order should be modified to prevent manifest injustice.

Based on the foregoing, the Court finds that the Amended Pretrial Order does not require amendment to prevent manifest injustice, and it shall not be modified to include Plaitniff's new exhibits. Therefore, the following exhibits are precluded from use at trial:

PX-107 - Cal. Code Regs., tit. 15, §§ 3271, 3391 (Responsibility of Employees and Employee Conduct);

PX-108 – Civil Complaint filed by inmate Gary Brush;

PX-109 – Civil Complaint filed by inmate Christopher Rider;

PX-110 – Civil Complaint filed by inmate Robert Trevino;

PX-111 – Civil Complaint filed by inmate Whittier Buchanan;

PX-112 – Civil Complaint filed by inmate Kenneth Soto;

PX-113 – Civil Complaint filed by inmate Emilito Exmundo;

PX-114 – Civil Complaint filed by inmate Robert Toth; and

PX-115 – Civil Complaint filed by Plaintiff against Defendant Cano (separate suit).

**II.     Motion to Exclude Testimony of Defense Witnesses D. Coleman and Dr. R. Ferro**

In his motion to modify the Amended Pretrial Order to include new exhibits PX-107 through PX-115, Plaintiff also moves to exclude the testimony of defense witnesses D. Coleman, Nurse Practitioner, and Dr. R. Ferro on the ground that there exists a conflict of interest because they are parties to the lawsuit filed by inmate Gary Brush (PX-108, excluded above).

Conflict of interest is not a basis upon which these witnesses may be excluded nor is the representation that they are or were named as parties in other inmates' lawsuits. Fed. R. Evid. 401, 402, 701, 702. Plaintiff may seek to impeach Defendants' witnesses to the extent permissible under the Federal Rules of Evidence, but he may not preclude their testimony on the basis of purported bias. Fed. R. Evid. 607, 608.

**III.    Inclusion of Partial Declarations by Defendants Cano, Clark, and Roberts in PX-102**

Finally, the declaration of Defendant Rodriguez was listed by Plaintiff is his Pretrial Statement and it is included in the Amended Pretrial Order. However, in submitting his trial

exhibits, Plaintiff included the signature pages from the partial declarations of Defendants Cano, Clark, and Roberts. These declarations were not listed in Plaintiff's Pretrial Statement or the Amended Pretrial Order, and they are excluded. Fed. R. Civ. P. 16(d); Local Rule 283(c).

**IV.     Order**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion to modify the Amended Pretrial Order to include new exhibits PX-107 through PX-115, filed on September 9, 2013, is DENIED;

2. Plaintiff's motion to exclude the testimony of defense witnesses D. Coleman and Dr. R. Ferro, filed on September 9, 2013, is DENIED; and

3. The partial declarations of Defendants Cano, Clark, and Roberts are excluded from exhibit PX-102, which is limited by the Amended Pretrial Order to the declaration of Defendant Rodriguez.

IT IS SO ORDERED.

Dated:   **September 12, 2013**              /s/ Sheila K. Oberto
                                                                       UNITED STATES MAGISTRATE JUDGE

4