# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCDONALD, | Case No. 1:09-cv-00730-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR TRIAL TRANSCRIPTS AT GOVERNMENT EXPENSE |
| v. | |
| CANO, CLARK, RODRIGUEZ, and ROBERTS, | (Doc. 196) |
| Defendants. | |

Plaintiff Jimmy McDonald, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2009. This action for damages was proceeding against Defendants Cano, Clark, Rodriguez, and Roberts for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution. Following a two-day trial by jury, judgment was entered for Defendants and against Plaintiff on September 20, 2013; Plaintiff filed a notice of appeal on September 30, 2013. On October 31, 2013, Plaintiff filed a motion seeking the trial transcripts at government expense.

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct payment the government to pay for transcripts for a litigant proceeding in forma pauperis.

(c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

The Court does not find that Plaintiff's appeal presents any substantial issues. Accordingly, Plaintiff's motion for the trial transcript at government expense is HEREBY DENIED. Any further relief on this issue must be sought from the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **November 1, 2013**            **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE